UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 23-20061-CR-ALTONAGA/DAMIAN

UNITED STATES OF AMERICA,

v.

NORBERTO MORALES-PEREZ,

    Defendant.

_____/

**REPORT AND RECOMMENDATION ON CHANGE OF PLEA**

    THIS CAUSE is before the Court following an Order of Reference from the Honorable Cecilia M. Altonaga, Chief United States District Judge, to conduct a proceeding for acceptance of a guilty plea by Defendant Norberto Morales-Perez ("Defendant") [ECF No. 20]. Based upon the change of plea hearing conducted on May 30, 2023, the undersigned makes the following findings and recommends that the guilty plea be accepted.

    1.    The undersigned advised Defendant of his right to have these proceedings conducted by Judge Altonaga, the District Judge assigned to the case, and that the undersigned was conducting the change of plea hearing pursuant to an Order of Reference from Judge Altonaga. I further advised Defendant that Judge Altonaga would be the sentencing judge and would make all findings and rulings concerning Defendant's sentence. I advised Defendant that he did not have to permit the undersigned United States Magistrate Judge to conduct this hearing and could request that the change of plea hearing be conducted by Judge Altonaga. Defendant, who stated that he had discussed his right to have the hearing conducted by the District Judge with his attorney, and the Assistant United States Attorney consented on the record to the undersigned conducting the change of plea hearing.

2. Defendant was placed under oath and appeared before the undersigned personally in open court. The plea colloquy was conducted in accordance with the outline set forth in the Bench Book for District Judges, and in accordance with Federal Rule of Criminal Procedure 11.

3. Defendant was advised of his rights as set forth in Federal Rule of Criminal Procedure 11(b)(1)(B)–(E), and he acknowledged that he understood those rights, discussed them with his counsel, and was knowingly and voluntarily waiving them.

4. Defendant indicated he was knowingly and voluntarily pleading guilty to Counts 1 and 2 of the Indictment filed in this case, which charge him with conspiracy to distribute a controlled substance, more than forty grams of a mixture or substance containing fentanyl and fifty grams or more of methamphetamine, in violation of Title 21, United States Code, Section 846 (Count 1), and distribution of such controlled substances, in violation of Title 21, United States Code, Section 841(a)(1) (Count 2). [ECF No. 3]. I advised Defendant that as to Count 1, the maximum penalty the Court may impose is a term of life imprisonment, with a mandatory minimum sentence of ten (10) years' imprisonment, followed by a term of supervised release of at least five (5) years. As to Count 2, I advised Defendant that the maximum penalty the Court may impose is a term of forty (40) years' imprisonment, with a mandatory minimum sentence of five (5) years' imprisonment, followed by a term of supervised release of at least four (4) years. I further advised Defendant that, in addition to any term of imprisonment and supervised release, the Court may impose a fine of up to $10,000,000 as to Count 1, and a fine of up to $5,000,000 as to Count 2, and the Court will assess a mandatory special assessment of $100.00 per count, for a total of $200.00, which is due at the time of sentencing. Defendant

acknowledged that he understands the possible penalties the Court may impose, including the minimum and maximum penalties, in addition to forfeiture.

5. Defendant also acknowledged that he understands the Sentencing Guidelines and that he has discussed with his attorney the applicable guidelines range, as well as applicable departures.

6. Defendant stated that his decision to plead guilty is voluntary and not the result of force, threats, or promises.

7. To set forth the factual basis for the entry of the plea, the Government proffered the facts it would have established at trial. [ECF No. 27]. The Government established all the essential elements of the crimes to which Defendant is pleading guilty. Defendant and his counsel agreed that the facts proffered by the Government satisfy all elements of the crimes charged, and Defendant and his counsel agreed the Government had provided evidence in discovery that supports the facts proffered by the Government.

8. The parties entered into a written plea agreement that was thereafter filed with the Court. [ECF No. 26]. The plea agreement includes certain terms agreed by the parties.

9. I reviewed the terms of the written plea agreement on the record, including the following: Defendant will plead guilty to Counts 1 and 2 of the Indictment, and the Government will seek dismissal of Counts 3 and 4 after sentencing; the parties agree that they will jointly recommend that the Court impose a sentence within the Sentencing Guidelines range without regard to any statutory minimum sentence under Section 5C1.2 of the Sentencing Guidelines, provided that Defendant satisfies the criteria set forth in paragraph 8 of the plea agreement; the parties agree to a two or three level reduction to Defendant's base offense level under Section 3E1.1 of the Sentencing Guidelines based on acceptance of

responsibility as long as Defendant complies with the obligations set forth in the plea agreement; and the Government will not object to a two-level downward variance from the guideline range pursuant to the terms set forth in paragraphs 9 and 10 of the plea agreement. I also went through additional agreements regarding application of the two-level downward variance in light of pending amendments to the Sentencing Guidelines and Defendant's agreement not to seek an additional downward variance if the two-level variance addressed in paragraphs 8 and 9 of the Plea Agreement is applied. There were no other agreements regarding application of the Sentencing Guidelines or other enhancements or reductions that may be raised by the United States Probation investigation.

10. Defendant acknowledged that he is satisfied with his attorney and that he has had a full opportunity to discuss all facets of his case with his attorney.

11. Defendant further acknowledged that he understands that in the event the District Judge does not accept the parties' recommendations or sentences him to terms that are greater than he anticipated, that will not be grounds for withdrawal of his guilty plea.

12. Defendant acknowledged that he agrees to forfeit to the United States property constituting or derived from proceeds of the crimes to which he is pleading guilty and other criminal conduct, as further set forth in paragraphs 13 and 14 of the plea agreement, including forfeiture of substitute assets. The attorney for the United States indicated that to date, the United States has not identified assets for forfeiture and, therefore, has not yet sought forfeiture. The Defendant acknowledged that he has agreed to cooperate with the Government in the event the United States identifies and seeks the forfeiture of assets. I directed the Government to prepare a proposed preliminary order of forfeiture if forfeiture of assets is sought and to provide a copy to Defense counsel before filing.

13. Defendant acknowledged that he has agreed not to object to the forfeiture of assets on Eight Amendment grounds, and I found that his waiver of his Eighth Amendment rights was a knowing, voluntary, and fully informed waiver.

14. Based upon all of the foregoing and the plea colloquy conducted by this Court, the undersigned finds that Defendant is fully competent and capable of entering an informed plea, that Defendant is aware of the nature of the charges and the consequences of the plea, and that the plea of guilty is a knowing and voluntary plea supported by an independent basis in fact containing each of the essential elements of the offenses.

15. Therefore, the undersigned recommends that Defendant be found to have freely and voluntarily entered his guilty plea to Counts 1 and 2 of the Indictment filed in this case, as more particularly described herein, and that Defendant be adjudicated guilty of those offenses as charged.

16. A pre-sentence investigation report will be prepared for the District Court by the United States Probation Office. The sentencing date will be set by separate order.

The parties will have fourteen (14) calendar days from the date of service of this Report and Recommendation within which to file written objections, if any, for consideration by the United States District Judge. Pursuant to Federal Rule of Criminal Procedure 59(b), Eleventh Circuit Rule 3-1, and accompanying Internal Operating Procedure 3, the parties are hereby notified that failure to object in accordance with 28 U.S.C. § 636(b)(1) waives the right to

challenge on appeal the District Court's order based on unobjected-to factual and legal conclusions. *See Thomas v. Arn*, 474 U.S. 140, 155 (1985).

**RESPECTFULLY SUBMITTED** in Chambers at Miami, Florida, this 31st day of May, 2023.

_____
MELISSA DAMIAN
UNITED STATES MAGISTRATE JUDGE

Copies to:
Hon. Cecilia M. Altonaga, *Chief U.S. District Judge*
Counsel of Record